IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lennell Dyches, #13771-171, ) | C/A No.: 1:15-2706-SB-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Joenathan Shelly Chaplin, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Lennell Dyches ("Plaintiff"), proceeding pro se and in forma pauperis, is a federal prisoner incarcerated at the United States Penitentiary in Atlanta, Georgia. He filed this civil action, which is construed as brought pursuant to 42 U.S.C. § 1983, asserting claims against his former criminal defense counsel Joenathan Shelly Chaplin ("Defendant"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff claims Defendant committed malpractice when he represented Plaintiff in a criminal proceeding. [ECF No. 1 at 2–5]. Plaintiff alleges he paid Defendant $4,500 in May 2006 to be evaluated by Defendant's private psychiatrist. *Id*. at 3. Plaintiff claims the evaluation deemed him incompetent to stand trial. *Id*. Plaintiff states he requested a copy of the evaluation, but Defendant never provided it. *Id.* at 3–4. Plaintiff alleges

Defendant told him he would be going to court for a competency hearing, but Plaintiff alleges the competency hearing was actually a plea hearing. *Id*. at 3. Plaintiff claims his signature was photocopied on a plea agreement and states the agreement precluded him from investigating his case and illegal sentence. *Id.* Plaintiff claims Defendant did not discuss a plea or trial with him, and instead told Plaintiff that the prosecutor and Defendant were "good associates, assuring Plaintiff not to worry." *Id.* at 4. Plaintiff seeks monetary damages and injunctive relief. *Id.* at 5.

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94

(2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

Plaintiff has another case pending before this court that also asserts a malpractice claim. *See Dyches v. Chaplin*, C/A No. 1:15-2508-SB-SVH (D.S.C. Jun. 23, 2015) ("*Dyches I*").[1] As in the instant pleading, Plaintiff's complaint addresses his attorney's representation during his criminal proceedings, including (1) Defendant's alleged failure to give Plaintiff a copy of a private psychological evaluation that purportedly found Plaintiff incompetent to stand trial and (2) the allegation that Plaintiff's signature was photocopied onto his plea agreement. *Id.* Because the issues involved in the instant complaint are currently before the court in *Dyches I*, this duplicate § 1983 complaint is frivolous and subject to dismissal. *See Cottle v. Bell*, No. 00-6367, 2000 WL 1144623, at *1 (4th Cir. Aug. 14, 2000) ("Because district courts are not required to entertain

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (holding that the district court had the right to take judicial notice of a prior related proceeding); *see also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e).");  *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1998) ("[D]istrict courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party."). Therefore, in the interests of judicial economy and efficiency, the instant complaint should be summarily dismissed. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

The instant complaint is also subject to summary dismissal because Plaintiff has failed to state a cause of action under § 1983, as the performance of traditional legal functions does not constitute state action. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn.8–9, 12–14 (1981). Further, Plaintiff does not allege facts otherwise showing the court has subject matter jurisdiction over his claims. The undersigned recommends this case be summarily dismissed.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 12, 2015              Shiva V. Hodges
Columbia, South Carolina     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).