IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Lennell Dyches, #13771-171, )
)
    Plaintiff, )
)
v. )  Civil Action No. 1:15-2706-SB
)
)  **ORDER**
Joenathan Shelly Chaplin, )
)
    Defendant. )
_____ )

    This matter is before the Court upon the Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983, wherein he asserts claims against his former criminal defense counsel, Joenathan Shelly Chaplin. In accordance with Local Civil Rule 73.2(B)(2)(d) for the District of South Carolina and 28 U.S.C. § 636(b)(1)(A), the matter was referred to a United States Magistrate Judge for preliminary determinations. On August 12, 2015, Magistrate Judge Shiva V. Hodges issued a report and recommendation ("R&R") outlining the issues and recommending that the Court dismiss this case without prejudice and without issuance and service of process. In the R&R, the Magistrate Judge noted that this case presents the same issues the Plaintiff has raised in another action currently before the Court. See Dyches v. Chaplin, Civil Action No. 1:15-2508-SB-SVH (D.S.C. June 23, 2015). As such, the Magistrate Judge recommended that the Court dismiss this case as frivolous and duplicative. In addition, the Magistrate Judge recommended that the Court dismiss this action for failure to state a claim, as the performance of traditional legal functions does not constitute state action for purposes of section 1983.

    Attached to the Magistrate Judge's R&R was a notice advising the Plaintiff of his right to file written objections to the R&R within fourteen days of being served with a copy.

To date, no objections have been filed. However, on September 3, 2015, the Plaintiff filed a motion for jury trial, wherein he reiterates his claims and asserts that the Magistrate Judge is prejudicing him.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).



Here, after review, the Court finds that the Magistrate Judge fairly and accurately summarized the relevant facts and applied the correct principles of law. In addition, the Court finds that the Plaintiffs' motion for jury trial fails to set forth any specific objections to the R&R or otherwise point to any factual or legal error in the R&R. After consideration, therefore, the Court agrees with the Magistrate Judge that the instant suit is subject to dismissal as frivolous and duplicative, as the claims the Plaintiff raises are already before the Court in another action. See Civil Action No. 1:15-2508-SB-SVH. As such, the Court hereby adopts the R&R (Entry 7) as the order of the Court and dismisses this action

without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

_____
Sol Blatt, Jr.
Senior United States District Judge

September 9, 2015
Charleston, South Carolina

